(C.D. 3696)

COMPANIA AZUCARERA DEL CAMUY, INC. *v*. UNITED STATES

United States Customs Court, Second Division

(Decided February 10, 1969)

*F. M. Susoni* for the plaintiff.

*William D. Ruckelshaus*, Assistant Attorney General (*Andrew P. Vance* and *Velta Melnbrencis*, trial attorneys, for the defendant.

Before RAO and FORD, Judges

FORD, Judge: These cases consolidated for the purpose of trial involve the proper classification of certain replacement parts for existing sugar machinery. The merchandise was classified under the provisions of items 680.45 and 680.50 of the Tariff Schedules of the United States and assessed with duty at the rate of 9 per centum ad valorem and 19 per centum ad valorem respectively.

Plaintiff herein contends the merchandise is properly entitled to entry free of duty under the provision of item 666.20.

The pertinent portion of the provisions involved herein provide as follows:

> Gear boxes and other speed changers with fixed, multiple, or variable ratios; pulleys, pillow blocks, and shaft couplings; torque converters; chain sprockets; clutches; and universal joints; all the foregoing and parts thereof (except parts of motor vehicles, aircraft, and bicycles):
>> Gear boxes and other speed changers, and parts thereof:

| | | |
|---|---|---|
| 680.45 | Fixed ratio speed changers, and parts thereof_____ | 9% ad val. |

\*　　\*　　\*　　\*　　\*　　\*　　\*

| | | |
|---|---|---|
| 680.50 | . Pulleys, pillow blocks, shaft couplings, and parts thereof_____ | 19% ad val. |

> Industrial machinery for preparing and manufacturing food or drink, and parts thereof:

| | | |
|---|---|---|
| 666.20 | Machinery for use in the manufacture of sugar, and parts thereof___ | Free |

The record consists of an oral stipulation entered into by and between counsel for the respective parties which so far as is pertinent reads as follows:

> * * * We would agree that the merchandise in Protest 67/69124, as described on the commercial invoice, consists of "1 – Cast Steel Machine Cut Double Helical Wheel 288 teeth 2½ D.P., 1 – EN.9 Forged Steel Machine Cut D.N. Pinion Shaft 24 teeth, and 1 – EN.9 Forged Steel Pinion Shaft 24 teeth Machine Cut double helical."

> The following merchandise in the importations at bar was classified under TSUS item 680.45 as "Gear boxes and other speed changers, and parts thereof: Fixed ratio speed changers," and assessed duty at 9 percent ad valorem: "3 sets of Independent Compound Gearing to drive existing first, second and third Mills," involved in Protest 67/69123, and all of the merchandise which has been described as being involved in Protest 67/69124. The following merchandise in Protest 67/69123, all that merchandise not heretofore mentioned in Protest 67/69123, was classified under TSUS item 680.50 as shaft couplings and assessed duty at 19 percent ad valorem.

Based upon this record we are asked to sustain the protests of plaintiff and admit the articles involved, which for all intents and purposes, are parts of sugar mill machinery, free of duty under the provisions of item .666.20 TSUS. If this matter arose under the provisions of paragraph 1604 of the Tariff Act of 1930, it would be a relatively simple matter. However, this case involves importations under the Tariff Schedules of the United States.

In the General Headnotes and Rules of Interpretation of the TSUS we find General Interpretative Rule 10 (ij) which provides as follows:

> (ij)  a provision for "parts" of an article covers a product solely or chiefly used as a part of such article, but does not prevail over a specific provision for such part.

It is apparent from the foregoing rule that if the merchandise falls within a specific provision, notwithstanding the fact that it is a part of a particular machine, it nevertheless is subject to classification under the specific enumeration. There is no question that the provisions under which the imported articles were classified are specific provisions as distinguished from general provisions. Whether such classification was proper, we are unable to ascertain from the mere invoice description. However, it is a basic principle of law in the field of customs jurisprudence, that the classification carries with it a presumption of correctness. It is therefore presumed that the classification is correct in the absence of any evidence which would establish otherwise. *Brown Boveri Corp., Gehrig Hoban & Co., Inc.* v. *United States*, 53 CCPA 19, C.A.D. 870.

We note that the merchandise covered by protest 67/69124 was entered after the effective date of the Technical Amendments Act of

1965, Public Law 89–241. By this amendment we note that the superior heading covering the involved merchandise was amended by excepting in addition to those heretofore excepted "parts of agricultural or horticultural machinery and implements provided for in item 666.00." This amendment is of no assistance to plaintiff herein since the exception is directed to item 666.00 and plaintiff's claim is under item 666.20. Therefore, parts of machinery used in the manufacture of sugar have not been excepted.

Accordingly, and relying upon the presumption of correctness, under rule 10(ij), we have no alternative but to overrule the protests.

Judgment will be entered accordingly.