56 CCPA
**Arthur J. HUMPHREYS, Packard-Bell Electronics, Appellants,**

v.

**The UNITED STATES, Appellee.**

**Customs Appeal No. 5300.**

United States Court of Customs and Patent Appeals.

March 6, 1969.

Barnes, Richardson & Colburn, New York City; Glad & Tuttle, Los Angeles, Cal. (Joseph Schwartz, New York City, and Edward N. Glad, Los Angeles, Cal., of counsel), for appellants.

Edwin L. Weisl, Jr., Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, Herbert P. Larsen, New York City, for the United States.

Before RICH, Acting Chief Judge, and Judges ALMOND, BALDWIN, KIRKPATRICK.*

BALDWIN, Judge.

This is an appeal from the decision and judgment of the United States Customs Court, Second Division, 59 Cust.Ct. 231, C.D. 3128, overruling appellants' protest taken against the classification of certain wooden stereo cabinets for radio-phonograph combinations, used in the assembly of Packard-Bell Model RPC 30 consoles. The cabinets, which were imported from Canada and are stipulated to be in chief value of wood, were assessed at 15% ad valorem under item

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

685.50, TSUS[1] which embraces " * * * radiobroadcasting * * * reception apparatus * * * phonographs * * * all the foregoing, and any combination thereof, * * * and parts thereof: * * * Other."

Appellants contend that the cabinets are properly dutiable at 10.5% ad valorem under item 727.35 TSUS[2] as "furniture other than chairs." [3]

The Customs Court stated that the cabinets would be subject to classification as furniture other than chairs within TSUS item 727.35 unless they are more specifically provided for as classified. Concluding that the cabinets were classifiable within the superior heading encompassing radio-phonograph combinations and parts, the court observed that a question of relative specificity arose and stated:

> * * * the narrow issue in applying the rule of relative specificity is whether the superior heading provision for "radiobroadcasting * * * and reception apparatus, * * * phonographs, * * * and any combination thereof, * * * and parts

---

1. *Tariff Schedules of the United States* Schedule 6, Part 5:

Radiotelegraphic and radiotelephonic transmission and reception apparatus; radiobroadcasting and television transmission and reception apparatus, and television cameras; record players, phonographs, tape recorders, dictation recording and transcribing machines, record changers, and tone arms; all of the foregoing, and any combination thereof, whether or not incorporating clocks or other timing apparatus, and parts thereof:

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

| Item 685.30 | Radio-phonograph combinations | 13.75% ad val. |
|---|---|---|

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

| Item 685.50 | Other | 15% ad val. |
|---|---|---|

---

2. Schedule 7, (TSUS) Part 4, Subpart A Subpart A headnotes:

1. For the purposes of this subpart, the term *"furniture"* includes movable articles of utility, designed to be placed on the floor or ground, and used to equip dwellings, offices, restaurants, libraries, schools, churches, hospitals, or other establishments, aircraft, vessels, vehicles, or other means of transport, gardens, patios, parks, or similar outdoor places, even though such articles are designed to be screwed, bolted, or otherwise fixed in place on the floor or ground; and kitchen cabinets and similar cupboards, seats and beds, and sectional bookcases and similar sectional furniture, even though designed to be fixed to the wall or to stand one on the other; but the term does not include—

\* \* \* \* \*

(xi) refrigerators, freezers, dishwashers, stoves, clothes washers or dryers, television sets, radios, and phonographs (see parts 3F, 4, and 5 of schedule 6);

\* \* \* \* \*

\* \* \* \* \*

Furniture, and parts thereof, not specially provided for:

\* \* \* \* \*

Of wood:

\* \* \* \* \*

Other

\* \* \* \* \*

| Item 727.35 | Furniture other than chairs | 10.5% ad val. |
|---|---|---|
| Item 727.40 | Parts of furniture | 17.0% ad val. |

---

3. Appellant also protested, in the alternative, that the merchandise is dutiable under item 685.30 TSUS as parts of radio-phonograph combinations. This claim, however, has been dropped by appellant on this appeal and does not require our further consideration.

thereof," is more specific than the superior heading provision for "furniture, and parts thereof, not specially provided for."

In resolving this issue adversely to appellants, it stated:

Resorting to prior judicial determinations for assistance, a recent decision of the Court of Customs and Patent Appeals holds that the more specific provision is the one having requirements which are more difficult to satisfy. United States, etc. v. Simon Saw & Steel Company, *supra.* [51 CCPA 33, C.A.D. 834] * * *.

Applying these principles, we conclude that even though the cabinets are furniture, they are more specifically provided for within the superior heading encompassing radio-phonograph combinations. To be classifiable as not specially provided for furniture of wood, an article of wood need only be a movable article of utility used to equip dwellings or other establishments. To meet the requirements for a part of a radio-phonograph combination, the wooden cabinets, as stated above, also had to be dedicated to a sole and specific use and to serve a useful function in connection with the radio-phonograph combination. In other words, the superior heading encompassing radio-phonograph combinations covers only such articles of furniture as are used for parts of such radio-phonograph combinations.

Appellants contend here that the Customs Court erred in holding that the rule of relative specificity is applicable to the present case, arguing that the imported radio-phonograph combination cabinets are not enumerated or described within tariff item 685.50 but are solely provided for within item 727.35 as furniture other than chairs. Appellants support the position that the cabinets do not fall within item 685.50 by contending that the phrase "and parts thereof" of the superior heading qualifies only the specified units "radiobroadcasting * * * reception apparatus," "record players, phonographs" etc. and not *combinations* of those electronic units (such as a radio-phonograph combination) despite the earlier occurring phrase in the superior heading to item 685.50 "all of the foregoing, and any combination thereof." Thus, according to appellants' line of argument, while a cabinet for a radio alone or a cabinet for a phonograph alone might each be properly classifiable under item 685.50, a cabinet for a radio-phonograph combination is not so classifiable.

The Customs Court decision, however, implicitly regards the phrase "and parts thereof" as qualifying the earlier phrase "and any combination thereof" relating, *inter alia,* to radio reception apparatus and phonographs, to reach the result that the instant cabinets fall within item 685.50. This understanding of the superior heading appears to us to be at least as consistent with the grammatical construction of the heading as that proposed by appellants. We are thus not persuaded that the Customs Court made any error in interpreting the superior heading to item 685.50 to include the present cabinets therein. Moreover, logic does not support a conclusion that the heading, which covers complete articles, irrespective of whether they are separate or in combination, is intended to cover parts of separate articles but not of combinations.

Appellee, on the other hand, contends that the imported cabinets are not classifiable under item 727.35 as furniture. Its reasoning is that the cabinets are used solely as *parts* of radio-phonographs and that, if radio-phonograph consoles are furniture, the cabinets can only be *parts* of furniture. It then urges that, while item 727.35 covers "furniture other than chairs," it does not cover the present parts because parts of furniture of wood are provided for under item 727.40, TSUS. We need not rule on that argument, however, since we think that item 685.50 takes precedence even if the cabinets could otherwise be classified under item 727.35 as furniture.

On the issue of which of the competing items takes precedence, appellants cite general headnote 10(ij) of the General

Headnotes and Rules of Interpretation of the Tariff Schedules of the United States reading:

> (ij) a provision for "parts" of an article covers a product solely or chiefly used as a part of such article, but does not prevail over a specific provision for such part.

They take the position that, since classification of the cabinets under item 685.50 must be as parts, such classification must yield to a specific provision for such parts as furniture in item 727.35.

We do not agree with that position. Even if the cabinets are regarded as "furniture" rather than parts of furniture, we think the classification as parts of radio-phonograph combinations involves requirements more difficult to satisfy for the reasons given in the previously quoted portion of the opinion of the Customs Court and takes precedence under the principles promulgated in United States v. Simon Saw & Steel Company, cited by the court therein. So far as general headnote 10(ij) is concerned, we do not think that item 727.35 constitutes a "specific provision" for the parts of a radio-phonograph combination involved here.

Appellants also refer to headnote 7 (xi) to schedule 7, part 4, subpart A, TSUS, which excludes from the term "furniture" articles including "television sets, radios, and phonographs." They argue that the absence of radio-phonograph combinations from the list of excluded articles shows an intent that they not be excluded from classification as furniture. We do not find that argument persuasive of error by the Customs Court. In the first place, we agree with appellee that it is difficult to imagine any sound reason for excluding a radio or a phonograph from the category of furniture if either of those articles stands alone, while including a combination of the two in that category. Further, the fact that radio-phonograph combinations are provided for *eo nomine* in item 685.-30, TSUS, demonstrates such a result was not intended.

The judgment of the Customs Court is affirmed.

Affirmed.

KIRKPATRICK, J., took no part in the decision of this case.