(C.D. 4100)

AMERICAN EXPRESS COMPANY *v.* UNITED STATES

United States Customs Court, Second Division

(Decided October 21, 1970)

*Tenneson, Serkland, Lundberg & Erickson* (*George E. Duis* and *Lowell W. Lundberg* of counsel) for the plaintiff.

*William D. Ruckelshaus*, Assistant Attorney General (*Brian S. Goldstein*, trial attorney), for the defendant.

Before RAO, NEWMAN, and ROSENSTEIN, Judges

ROSENSTEIN, Judge: Plaintiff protests the classification of certain TD9 and TD14A cylinder heads for crawler tractors, imported in April 1966, under TSUS item 660.54 as other parts of internal combustion engines, other, and the assessment of duty thereunder at the rate of 10 per centum ad valorem. The merchandise is claimed to be entitled to entry free of duty under TSUS item 692.30 as parts of tractors suitable for agricultural use.

The pertinent provisions of the Tariff Schedules of the United States read as follows:

Schedule 6, Part 4, Subpart A:

Internal combustion engines and parts thereof:

\* \* \* \* \* \* \*

Parts:

\* \* \* \* \* \* \*

Other parts:

\* \* \* \* \* \* \*

| | | |
|---|---|---|
| 660.54 | Other_____ | 10% ad val. |

Schedule 6, Part 6, Subpart B:

Tractors (except tractors in item 692.40 and except automobile truck tractors), whether or not equipped with power take-offs, winches, or pulleys, and parts of such tractors:

| | | |
|---|---|---|
| 692.30 | Tractors suitable for agricultural use, and parts thereof_____ | Free |

The sole witness here, president of the company for whose account the merchandise was imported, testified, in summary, that the TD9 and TD14A cylinder heads are parts of the internal combustion engines

of the TD9, WD9 (rubber wheeled version of the TD9), and TD14 tractors, respectively; that the engines, which could not function without these cylinder heads, could not be used for other purposes without modification; that the heads are designed for and can be used only in TD9, WD9 and TD14 tractors; and that these tractors are chiefly used in agricultural pursuits.

Plaintiff contends that the record establishes that the aforementioned tractors would "qualify for duty free entry" under item 692.30, and that the subject cylinder heads are "an integral part of such tractors", thereby coming within the ambit of the claimed provision.

It is not disputed that the imported cylinder heads are parts of engines used on tractors. However, assuming *arguendo* that the internal combustion engines which use these cylinder heads are themselves parts of tractors suitable for agricultural use, the cylinder heads nonetheless are not parts of such tractors within the purview of item 692.30 but are properly classifiable as other parts of internal combustion engines.

Internal combustion engines are specifically provided for in the tariff schedules.[1] Thus, under General Interpretative Rule 10 which provides:.

For the purposes of these schedules—

\*　　\*　　\*　　\*　　\*　　\*　　\*

(ij) a provision for "parts" of an article covers a product solely or chiefly used as a part of such article, but does not prevail over a specific provision for such part.

the tractor engines are properly classifiable, not as parts of tractors, but under the *eo nomine* provisions for such articles. *Robert Bosch Corp., Arthur J. Fritz & Co.* v. *United States*, 63 Cust. Ct. 158, C.D.

---

[1] The pertinent provisions read as follows:

| | Internal combustion engines and parts thereof: | |
|---|---|---|
| | Piston-type engines: | |
| 660.40 | To be installed in tractors of a type provided for in item 692.30 | Free |
| | Other: | |
| 660.42 | Compression-ignition engines | 10% ad val. |
| 660.44 | Engines other than compression-ignition engines | 8.5% ad val. |
| 660.46 | Non-piston type engines | 10% ad val. |
| | Parts: | |
| 660.50 | Cast-iron (except malleable cast-iron) parts, not machined only for the removal of fins, gates, alloyed and not advanced beyond cleaning, and spruces, and risers or to permit location in finishing machinery | 3% ad val. |
| | Other parts: | |
| 660.52 | Parts of piston-type engines other than compression-ignition engines | 8.5% ad val. |
| 660.54 | Other | 10% ad val. |

3890 (1969); *A. N. Deringer, Inc.* v. *United States,* 62 Cust. Ct. 734, C.D. 3856 (1969); *Compania Azucarera Del Camuy, Inc.* v. *United States,* 62 Cust. Ct. 131, C.D. 3696 (1969); *Wilfred Schade & Co., Inc., a/c Glamorgan Pipe & Foundry Co.* v. *United States,* 62 Cust. Ct. 138, C.D. 3701, 295 F. Supp. 1117 (1969); *J. E. Bernard & Co., Inc.* v. *United States,* 59 Cust. Ct. 31, C.D. 3060 (1967). And "[w]here a particular part of an article is provided for specially, a part of that particular part is more specifically provided for as a part of the part than as a part of the whole." *Foster Wheeler Corp.* v. *United States,* 61 Cust. Ct. 166, 176, C.D. 3556, 290 F. Supp. 375 (1968). See also *American Laubscher Corp., Alltransport, Inc., et al.* v. *United States,* 64 Cust. Ct. 384, C.D. 4006 (1970). Thus, the cylinder heads do not become parts of tractors until they are first parts of internal combustion engines. *C. F. Liebert* v. *United States,* 60 Cust. Ct. 677, C.D. 3499, 287 F. Supp. 1008 (1968).

The *Liebert* case, which is on all fours with the issue herein, involved parts of clutches which were parts of winches designed for use with tractors. The merchandise, classified under the provisions of TSUS item 680.54 for clutches and parts thereof, was claimed dutiable under item 664.10, which covers winches and parts, or, alternatively, under item 692.35 as parts of tractors. Noting that, by virtue of General Interpretative Rule 10(ij), clutches would be classifiable under item 680.54 even though they were parts of winches, the court stated (pages 685–686):

> In our view, it is much more logical to hold that since clutches which are parts of winches are classifiable under the specific provision for "clutches" rather than as parts of winches, clutch parts are classifiable under the provision for parts of clutches rather than as parts of winches. Such parts do not become parts of winches until they are first parts of clutches. Where a particular part of an article is provided for specially, *eo nomine*, and must be classified under that provision regardless of whether it is a part of a whole, a part of that particular part is more specifically provided for as a part of the part than as a part of the whole.

The court also rejected the claim that the clutch parts were parts of winches which were integral and constituent parts of tractors and were, therefore, dutiable as tractor parts, stating in pertinent part (page 687–688):

> * * * Furthermore, in view of General Interpretative Rule (ij), *supra,* even if winches were deemed to be parts of tractors, they would be classifiable under item 664.10, *supra,* as winches. * * *
>
> *        *        *        *        *        *        *
>
> In our view General Interpretative Rule (ij) was intended to

prevent a circuity of construction which would hold parts of a winch clutch to be classifiable as parts of a tractor. * * *

It is also clear from a reading of the provisions under the superior heading for "Internal combustion engines and parts thereof" that, although certain specified piston-type engines are duty free, all other internal combustion engines and the *parts* for *all* internal combustion engines of whatever type are subject to duty [2] unless specially provided for.

The cases relied upon by plaintiff are inapposite; they involve construction of the classification schedules of the Tariff Act of 1930, not the tariff schedules under which the subject articles were classified.

For the foregoing reasons we hold that the merchandise at bar was properly classified and overrule the protest.

Judgment will be entered accordingly.

(C.D. 4101)

[2] In commenting on the Tariff Commission's Fifth Supplemental Report of proposed changes to TSUS, representatives of International Harvester Company, at a hearing held by the Commission in March, 1963, and of Ford Motor Company, in a letter to the Commission dated March 11, 1963, noted that all parts of internal combustion engines designed for and used in agricultural tractors are subject to duty, and recommended that the Commission adopt an item providing for duty free entry of parts of engines which are parts of tractors provided for in item 692.30. *Tariff Classification Study, Fifth Supplemental Report,* May 16, 1963, pp. 178–185, 286–287. The recommendation was not followed, thus reflecting Congressional intent to assess duty on parts of internal combustion engines such as those herein.