(C.D. 4212)

KORODY-COLYER CORP. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided May 5, 1971)

*Stein & Shostak* (*Leonard M. Fertman* of counsel) for the plaintiff.
*L. Patrick Gray, III,* Assistant Attorney General (*Herbert P. Larsen, Andrew P. Vance* and *Susan C. Cassell,* trial attorneys), for the defendant.

Before Rao and Ford, Judges, and Donlon, Senior Judge

Donlon, Judge: Certain nozzles, imported from Italy, were classified as parts of internal combustion engines. Plaintiff claims that classification should be as parts of fuel injection pumps. It appears that the fuel injection pumps are parts of internal combustion engines, but it is plaintiff's contention that under recognized principles of tariff jurisprudence their classification as parts of fuel injection pumps is more specific and, hence, should prevail.

The merchandise was entered at the port of Los Angeles on March 31, 1967. The provisions of the respective TSUS enumerations and of the general interpretative rule claimed to be applicable, are as follows:

Schedule 6, part 4, TSUS

Subpart A.—Boilers, Non-Electric Motors and Engines, and Other General Purpose Machinery

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

Internal combustion engines and parts thereof:

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

Parts:

* * *         Cast-iron (except malleable cast-iron) parts * * *_____      * * *

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

Other parts:

* * *         Parts of piston-type engines other than compression-ignition engines_____      * * *

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

660.54         Other _____      10% ad val.

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

Pumps for liquids, whether or not fitted with measuring devices, liquid elevators of bucket, chain, screw, band, and similar types; all the foregoing whether operated by hand or by any kind of power unit, and parts thereof:

660.92         Fuel injection pumps for compression-ignition engines, and parts thereof_____      6% ad val.

10. General Interpretative Rules. For the purposes of these schedules—

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

(ij) a provision for "parts" of an article covers a product solely or chiefly used as a part of such article, but does not prevail over a specific provision for such part.

It is the gist of plaintiff's case that these nozzles are parts of fuel injection pumps for compression-ignition engines; that such pumps and their parts are specifically provided for in item 660.92; and that under the above cited general interpretative rule the nozzles, as such parts, are not to be classified as parts of the engines of which the pumps are parts. The argument relies to a degree on Report No. 342 of the House of Representatives Committee on Ways and Means, 89th Congress, 1st Session (which accompanied H.R. 7969, the bill that subsequently became P.L. 89–241) relating to item 660.92, as follows:

Fuel injection pumps for diesel engines are usually comprised of the basic pump unit, together with its governor, timer, and nozzles. Under the former tariff schedules, such fuel injection pumps were subject to a number of possible classifications as "parts". * * * [P. 24.]

Defendant contends that these nozzles, although admittedly used with the pumps in compression-ignition engines, are not parts of the pumps.

There is no contention by either party that the engines for which these nozzles were designed are other than compression-ignition, or diesel, engines; or that the fuel injection pumps to which the nozzles are fitted are other than fuel injection pumps for diesel engines.

It is the well known distinguishing feature of diesel engines that air is compressed to a temperature sufficiently high to ignite the fuel which is injected directly into the cylinder, where combustion and expansion actuate the piston.

According to the undisputed testimony of record, the fuel injection pump differs from other pumps in several ways.

* * * A common pump has the purpose of transporting liquid, essentially. A fuel injection pump has many, many other tasks. It has to meter a very accurate and very small amount of fuel. It has to time the exact split second and it's, in fact, less than a thousandth of a second during which this amount of fuel has to be injected into the engine's combustion chamber. It has to create very high pressure to make this very rapid injection possible. It has to have a device which will automatically increase or decrease the amount of fuel being injected in accordance with the load requirements of the engine. And it cannot inject the fuel in a solid drop into the engine because it would not readily mix with air, it would not permit it to explode fast. It has to break it up into very, very fine particles, a mist, a spray. This is called atomization. [R. 6, 7.]

It is the last above described function, or task, of the fuel injection pump which the nozzle accomplishes, namely, the atomization of the fuel before it is injected into the engine. The nozzle has an orifice with one or more very small holes, and the holes break up the fuel to a finely atomized spray or mist. The nozzle was described by plaintiff's witness, Mr. Korody, president of the plaintiff corporation, as "a spring-loaded valve which opens and closes and lets the fuel pass through at the right moment and underneath there is a drilled orifice which breaks up the fuel into a fine mist spray." (R. 15.)

In Mr. Korody's opinion, the nozzle is a part of the fuel injection pump.

It should also be noted that the Committee on Ways and Means, in discussing in its report the proposal which became item 660.92, specifically listed nozzles as parts of fuel injection pumps for diesel engines.

The court agrees with defendant that the provision for parts in item 660.92 is plain, clear and unambiguous, and hence that resort to legislative history is not necessary to resolve a conflict. However, the undisputed evidence of record is clear that these nozzles are parts of fuel injection pumps, and the legislative history confirms that such was the legislative intent.

We hold that the nozzles here in litigation are parts of fuel injection pumps for internal combustion (diesel) engines.

We agree also with plaintiff that the nozzles are more specifically described, for tariff purposes, as parts of fuel injection pumps than as parts of the internal combustion engines of which such pumps are parts.

It is now well settled that where a particular part of an article is provided for specially, together with its parts, classification as such a part will prevail rather than classification as a part of the entire article. *Foster Wheeler Corp* v. *United States*, 61 Cust. Ct. 166, 176, C.D. 3556, 290 F. Supp. 375, 383 (1968) ; *C. F. Liebert* v. *United States*, 60 Cust. Ct. 677, C.D. 3499, 287 F. Supp. 1008 (1968) ; *Deere & Company* v. *United States*, 64 Cust. Ct. 308, C.D. 3996 (1970) ; *American Laubscher Corp., Alltransport, Inc., et al.*, 64 Cust. Ct. 384, C.D. 4006 (1970) ; *C. F. Liebert* v. *United States*, 65 Cust. Ct. 202, C.D. 4078 (1970) ; *American Express Company* v. *United States*, 65 Cust. Ct. 343, C.D. 4100 (1970) ; and others.

Judgment will be entered for plaintiff, directing reclassification of the nozzles at bar under item 660.92 of TSUS. All other protest claims are overruled.