W.Y. MOBERLY, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 81-9-01259

Before DiCARLO, *Judge.*

(Decided July 30, 1986)

*Ross & Hardies (Joseph S. Kaplan, John B. Pellegrini,* and *Eric S. Palles)* , for plaintiff.

*Richard K. Willard,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch (*John J. Mahon*), for defendant.

### MEMORANDUM OPINION AND ORDER

DICARLO, *Judge:* Plaintiff has moved pursuant to Rule 59 of the Rules of this Court for a rehearing of the Court's decision in *W.Y. Moberly, Inc.* v. *United States* , 10 CIT 391, Slip Op. 86–57 (May 28, 1986).

Plaintiff contends (1) that the Court misconstrued the scope of General Interpretive Rule 10(ij), Tariff Schedules of the United States (TSUS), and its relevance to the classification issue before the court; and (2) the Court failed to recognize that the *Nomenclature For The Classification of Goods in Customs Tariffs* (1955) ("*Brussels Nomenclature*") contains provisions which parallel Rule 10(ij) with respect to the merchandise in this action. The motion is denied.

A motion for rehearing is addressed to the sound discretion of the court. *Reynolds Trading Corp.* v. *United States,* 61 CCPA 57, 59, C.A.D. 1120, 496 F.2d 1228, 1230 (1974); *Commonwealth Oil Refining Co.* v. *United States,* 60 CCPA 162, 166, C.A.D. 1105, 480 F.2d 1352 (1973). "In general, 'a rehearing is a method of rectifying a significant flaw in the conduct of the original proceeding'," *The United States* v. *Gold Mountain Coffee, Ltd.,* 8 CIT 336, 601 F. Supp. 212, 214 (quoting *Nahrgang Co.* v. *United States,* 6 CIT 211 (1983)); *W.J. Byrnes & Co.* v. *United States,* 68 Cust. Ct. 358; C.R.D. 72–5 (1972). "In ruling on a petition for rehearing, a court's previous decision will not be disturbed unless it is 'manifestly erroneous'." *Gold Mountain Coffee,* 8 CIT at 337, 601 F. Supp. at 214, citing *Quigley & Manard, Inc.* v. *United States,* 61 CCPA 64, 496 F.2d 1214 (1974).

Plaintiff first argues that the Court erred in applying General Rule 10(ij) to the merchandise. General Rule 10(ij) provides that "a provision for 'parts' of an article covers a product solely or chiefly used as a part of such article, but does not prevail over a specific provision for such part." Plaintiff says a provision for parts cannot be a "specific provision" within General Rule 10(ij). Plaintiff also says the longstanding tenet of customs law that a part of a part is more specifically provided for as a part of the part rather than as part of the whole does not derive from General Rule 10(ij), but from the rule of relative specificity codified at General Interpretative Rule 10(c).

Both of plaintiff's interpretations of General Rule 10(ij) were specifically rejected in *C.F. Liebert* v. *United States,* 60 Cust. Ct. 677, 685–86, C.D. 3499, 287 F. Supp. 1008, 1014–1015 (1968):

Plaintiff also claims that General Interpretative Rule (ij) * * * does not apply to competition between parts of one article and parts of another * * *.

In our view, it is much more logical to hold that since clutches which are parts of winches are classifiable under the specific provision for "clutches" rather than as parts of winches, clutch parts are classifiable under the provision for parts of clutches rather than as parts of winches. Such parts do not become parts of winches until they are first parts of clutches. Where a particular part of an article is provided for specially, *eo nomine,* and must be classified under that provision regardless of whether it is a part of a whole, a part of that particular part is more specifically provided for as a part of the part than as a part of the whole.

*See Foster Wheeler Corp.* v. *United States,* 61 Cust. Ct. 166, 178, C.D. 3556, 290 F. Supp. 375, 384 (1968) and *Korody-Colyer Corp.* v. *United States,* 66 Cust. Ct. 337, 339, C.D. 4212 (1971) (applying General Rule 10(ij) to a parts provision). Plaintiff cites no case to support its position except *Arthur J. Humphreys* v. *United States,* 59 Cust. Ct. 231, C.D. 3128, 272 F. Supp 951, *aff'd,* 56 CCPA 67, C.A.D. 956, 407 F.2d 417 (1969). Plaintiff's interpretation of that case was rejected in Slip Op. 86–57 at 9–10.

Plaintiff also contends that the Court erred in stating that the Brussels Nomenclature "provides no guidance in this case" because the Brussels Nomenclature "contains no instruction similar to General Interpretive Rule 10(ij) with respect to classification of parts." Slip Op. 86–57 at 6. Plaintiff points to notes which precede relevant sections of the Explanatory Notes to the Brussels Nomenclature to argue the relevance of the Brussels Nomenclature to this case. Section Note 1(g) which precedes Section XVI of the Explanatory Notes (vol. 3, page 1153) states that that section which contains a provision analogous to the TSUS provision for "boring machinery" claimed by plaintiff, does not cover "[p]arts of general use, as defined in Note 2 to Section XV." Section Note 2 to Section XV (vol. 3, page 979) does not include the merchandise in its definition of "parts of general use". General Note II to Section XVI (vol. 3, page 1156) states:

In general, parts which are recognisable as specialised to or mainly for use with particular machines or apparatus (including those of heading 84.59 or heading 85.22), or with a group of machines or apparatus falling in the same heading, are classified under the same heading as those machines or apparatus * * *

\*         \*         \*         \*         \*         \*         \*

The above rules do not apply to parts which in themselves constitute an article covered by a heading of this Section (other than headings 84.65 and 85.28); these are in all cases classified in their own appropriate heading even if specially designed to work as part of a larger machine.

Plaintiff concedes that these section notes are not of general application. Plaintiff does not offer these notes as interpretive aids to General Rule 10(ij), and the Court finds that they are not sufficiently similar to the language or application of that provision to serve that purpose. *Cf. Toyota Motor Sales, U.S.A., Inc.* v. *United States,* 7 CIT 178, 185, 585 F. Supp. 649, 655 (1984) *aff'd* 753 F.2d 1061 (Fed. Cir. 1985).

While the second paragraph quoted above from General Note 2 to Section XVI is similar to General Interpretative Rule 10(ij), the first paragraph quoted above is not. The lengthy list of applications and exceptions to these provisions further distinguish them from Rule 10(ij). The Court finds General Rule 10(ij) has been interpreted to apply to provisions which include parts. Resort to the Brussels to create an ambiguity is inappropriate. *F.W. Smidth & Co.* v. *United States,* 56 CCPA 77, 84, C.A.D. 958 (1969).

Plaintiff's motion for rehearing is denied. So ORDERED.