**ASTA DESIGNS, INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court No. 82–04–00483.**

United States Court of
International Trade.

Jan. 19, 1989.

Breneman, Georges, Hellwege & Yee, and William D. Breneman, Garrett V. Davis, Washington, D.C., for plaintiff.

John R. Bolton, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch (Veronica A. Perry, New York City, at trial; James A. Curley, on the brief), for defendant.

## OPINION AND ORDER

CARMAN, Judge:

Plaintiff Asta Designs, Inc. contests the denial of a protest under section 515 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1515 (1982). This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(a) (1982).

## FACTS

The merchandise in this action consists of enamel-covered steel cookware exported from the Federal Republic of Germany. It entered the Port of New York from September 1980 through June 1981. The items involved included casseroles, stockpots, saucepans, baking pans, tea kettles and skillets. Each piece consisted of a steel body, (and in some cases a matching lid), covered with one coat of enamel, followed by a second coat of enamel after which the piece was fired. A third layer of enamel was then applied to cover surface ornamentation. In order to protect the enamel edges of the pieces from chipping and erosion, a stainless steel rim was then attached to both the bodies and the lids. These rims were then coated with gold plating.

The merchandise was classified under 653.75, Tariff Schedules of the United States (TSUS). Relevant parts read as follows:

> Articles not specially provided for of a type used for household, table, or kitchen use; toilet and sanitary wares; all the foregoing and parts thereof, of metal:
> ....
> Articles, wares, and parts, of base metal, coated or plated with precious metal:
> ....
> Coated or plated with gold ........ 18.5% *ad val.* (1980); 17.1% *ad val.* (1981)

Item 653.75, TSUS (1980, 1981).

Plaintiff claims that the merchandise should have been classified under 654.02, TSUS. Relevant parts read as follows:

> Articles not specially provided for of a type used for household, table, or kitchen use; toilet and sanitary wares; all the foregoing and parts thereof, of metal:

> Articles, wares, and parts, of base metal, not coated or plated with precious metal:
> Of iron or steel:
> Enameled or glazed with vitreous glasses ... 3.3% *ad val.* (1980); 3.2% *ad val.* (1981)
> Cooking and kitchen ware:
> Teakettles

Item 654.02, TSUS (1980, 1981).

Plaintiff seeks the following damages:

1. Refunds of all payments of duties in excess of the duties provided for under item 654.02, TSUS for all of the entries in question.

2. Interest on all payments of duties in excess of the duties provided for under item 654.02, TSUS.

3. Plaintiff's costs and any further relief as this Court deems proper and just.

## CONTENTIONS OF PARTIES

Plaintiff, Asta Designs, Inc., claims that the cookware is made of a base metal, (steel), which is covered first with enamel, then with a stainless steel rim, and finally gold plating. Plaintiff contends that the base metal is not plated with gold since there are layers of enamel and a rim of stainless steel between the steel and the gold plating. It argues that only the rim is plated with gold and that this rim is made of stainless steel, which plaintiff contends is not a base metal under the tariff schedule. Plaintiff argues that since the stainless steel rim under the gold plating is not a base metal, the merchandise can not be classified as a base metal coated or plated with gold.

Plaintiff also argues that the items are properly classifiable under item 654.02, TSUS by virtue of:

1. the *eo nomine* designation of the merchandise as "cooking and kitchen ware," "of iron or steel" base metal, "enameled or glazed with vitreous glasses"; and

2. the Doctrine of Relative Specificity; and

3. the gold rim being *de minimus* and not altering the function of the merchandise; and

4. an established practice of the United States Customs Service (Customs) in previously classifying this merchandise.

In the event that stainless steel is found to be a base metal, plaintiff contends that Headnote 2(d) of Schedule 6 requires that if the article is made up of two different base metals it must be classified according to the metal "which predominates by weight".

Defendant, United States contends that the stainless steel rim under the gold plating is a base metal and since that base metal is plated with gold, the classification is satisfied. The defendant further argues that:

1. the merchandise satisfies item 653.75, TSUS because the gold-plated rim protects the enamel from chipping and corrosion, and the gold is present in an amount that is not *de minimus;* and

2. the merchandise cannot be classified under item 654.02, TSUS because that classification excludes articles coated or plated with precious metal; and

3. the base metal, (steel), even though covered by enamel and a stainless steel rim, is properly classified under 653.75, TSUS as being plated with gold since the steel need not be directly plated with gold in order to satisfy item 653.75.

## DISCUSSION

■ Pursuant to 28 U.S.C. § 2639(a)(1) (1982), the classification determined by Customs is presumed to be correct and the burden of proof is on the party challenging its classification. As a matter of law, the customs official is presumed to have found every element required to satisfy the classification. *Schott Optical Glass, Inc. v. United States,* 82 Cust.Ct. 11, 15, C.D. 4783, 468 F.Supp. 1318, 1320 (1979), *aff'd,* 67 CCPA 32, C.A.D. 1239, 612 F.2d 1283

(1979). This Court must decide whether the government's classification is correct standing on its own as well as in comparison with the plaintiff's alternative. *Jarvis Clark Co. v. United States,* 2 Fed.Cir. (T) 70, 75, 733 F.2d 873, 878 (1984), *reh'g denied,* 2 Fed.Cir. (T) 97, 739 F.2d 628 (1984). While plaintiff makes an interesting argument, the Court is not convinced that plaintiff has met its burden of proving that Customs is incorrect in its classification.

### The Base Metal Need Not Be Directly Plated with Gold

■ Plaintiff concedes that the cookware is made out of a base metal, that is, steel. Plaintiff's trial brief at 22. Plaintiff also concedes that the cookware is plated with gold although it argues that the gold is *de minimus. Id.* at 86–91. Tariff classification 653.75 requires only that the item be an article of base metal coated or plated with gold. It does not specify that the gold be applied directly to the base metal.

Indeed, the sole criterion used by our appellate court in determining whether an article is classifiable under a tariff provision requiring the article to be 'plated with gold' was whether the article, in fact, contained a gold plating and whether the gold plating was more than an 'insignificant' or 'negligible' portion of the article.

*RSMC Inc. v. United States,* 84 Cust.Ct. 96, 99, C.D. 4847 (1980) (citations omitted).

In *RSMC,* Customs classified as merchandise under 653.75, TSUS, goblets which were made out of an alloy that was then plated with nickel over the entire surface. *Id.* at 98. The entire surface was then coated or plated with silver and then the inside of the bowl of the goblet was coated or plated with gold. *Id.*

According to the definition of base metal as used in *RSMC* in Schedule 6 Headnote 2(b),[1] both the alloy and nickel are base

---

1. The Schedule 6 Headnote 2(b) states in pertinent part:

2. For the purposes of the tariff schedules, unless the context requires otherwise—
. . . .

(b) the term *"base metal"* embraces aluminum, antimony, arsenic, barium, beryllium, bismuth, boron, cadmium, calcium, chromium, cobalt, columbium, copper, gallium, germanium, hafnium, indium, iron, lead, magnesium, manganese, mercury, molybdenum, nickel, rhe-

metals. Therefore in *RSMC* the goblet consisted of a base metal, plated with a base metal, plated with a precious metal, plated with a second precious metal. The Customs Court affirmed Customs' classification stating, "there is no question that the imported goblets are coated or plated with gold within the common meaning of item 653.75." *Id.* at 99.

The issue in *RSMC* was whether the goblets were coated or plated with gold or coated or plated with silver. *Id.* at 97. There did not appear to be any issue concerning the fact that the gold plating was directly on the silver plating instead of on the base metal.

Rule of Relative Specificity

■ The Customs Court applied the rule of relative specificity contained in General Interpretative Rule 10(c) [2] which states that when there is competition between two or more tariff provisions and both encompass the article in question, it is the provision whose requirements are more difficult to fulfill which controls the classification. 84 Cust.Ct. at 101. *See Humphreys v. United States,* 56 CCPA 67, 69, 71, C.A.D. 956, 407 F.2d 417, 419, 420 (1969).

While plaintiff contends that the cookware should be classified under item 654.02, the contention is not persuasive since item 654.02 expressly excludes merchandise that has been coated or plated with a precious metal.

Moreover, should this Court employ the rule of relative specificity, it is clear that the cookware, after having been coated or plated with precious metal, would satisfy a more difficult classification than cookware merely coated with enamel.

The Court does not reach the question of whether or not stainless steel is a base metal since it is conceded by the parties that the cookware itself is made of a base metal, that is, steel. This Court holds that Customs properly classified the cookware under item 653.75 since there is no requirement that the base metal be directly coated or plated with gold. 84 Cust.Ct. at 99.

Determining Whether Gold Plating Is *De Minimus*

■ The question remains whether or not the gold plating is *de minimus.* As noted above in *RSMC,* there need not be much gold plating at all in order to escape the *de minimus* classification. 84 Cust.Ct. at 99. The Court of Customs Appeals has stated that:

It is not necessary that an article be wholly covered with gold or silver plating in order to bring it within the classification of plated articles ... nor can any hard and fast mathematical line of distinction be drawn in the application of the provision. The classification includes all such metallic articles as have a substantial portion of their surface, that is to say, more than an insignificant or negligible portion, covered by a plating of gold or silver.

*Saji & Kariya Co. et al. v. United States,* 9 Ct.Cust.App. 78, T.D. 37945 (1919).

The Court of Customs and Patent Appeals in *Varsity Watch Company v. United States,* provided a thorough discussion of the *de minimus* rule and found that:

From all the cases involving the application of the *de minimus* rule it appears to be the weight of authority that certain

nium, the rare-earth metals (including scandium and yttrium), selenium, silicon, strontium, tantalum, tellurium, thallium, thorium, tin, titanium, tungsten, uranium, vanadium, zinc, and zirconium, and base-metal alloys.
Schedule 6 Headnote 2(b) TSUS (1980, 1981).

2. The General Interpretative Rule states in pertinent part:
10. *General Interpretative Rules.* For the purposes of these schedules—
....
(c) an imported article which is described in two or more provisions of the schedules is classifiable in the provision which most specifically

describes it; but, in applying this rule of interpretation, the following considerations shall govern:
(i) a superior heading cannot be enlarged by inferior headings indented under it but can be limited thereby;
(ii) comparisons are to be made only between provisions of coordinate or equal status, i.e., between the primary or main superior headings of the schedules or between coordinate inferior headings which are subordinate to the same superior heading;
General Interpretative Rule 10(c) TSUS (1980, 1981).

amounts of an ingredient, although substantial, may be ignored for classification purposes, depending upon many different circumstances, including the purpose which Congress sought to bring about by the language used and whether or not the amount used has really changed or affected the nature of the article and, of course, its salability.

In the instant case, it is admitted that the gold is contained in the plating of the article and was put there for the purpose of adding to its attractiveness in the way of color and no doubt it was added for the purpose of increasing its salability. Under such circumstances, the characteristics of the article were changed from those which it would possess if no gold whatever were used. We know of no case which supports the contention of appellant that under the *de minimus* rule the small quantity of gold here should be disregarded.

If it happened that gold got into the article by accident, if it did not enhance its value and had no purpose in commerce, if it were an unintentional adulterant or the result of an unforeseen and undesired chemical reaction, of course the situation, depending upon all the facts, might be different.

*Varsity Watch Company v. United States*, 34 CCPA 155, 162–63, C.A.D. 359 (1947).

This Court finds that in the instant case, the gold-plating is more than insignificant or negligible. The stainless steel rim provides protection for the enamel coating. In several items in plaintiff's cookware line, the steel rims were left uncoated because they blended with the pattern of colors on the individual items. Plaintiff's president stated during trial that if the color and design of the cookware did not blend with the silver-colored rims, those rims were coated with gold or a gold colored substance. Trial Transcript at 112–13 (hereinafter Tr.). The gold itself was an integral part of the overall design of the item. All of the items under protest in this case had gold-plated rims as opposed to gold-colored or uncoated stainless steel.

In the instant case, just as in *Varsity Watch*, the gold plating was added in order to enhance the beauty and salability of the merchandise. Plaintiff's president suggested as much himself when he admitted during trial that the items were advertised as being gold-plated by some of the stores selling plaintiff's cookware. Tr. 127–29.

## PLAINTIFF'S REMAINING CONTENTIONS

Plaintiff's three remaining contentions that the merchandise should be reclassified because of an *eo nomine* designation, Headnote 2(d) of Schedule 6 and the alleged established practice of Customs in previously classifying this merchandise are without merit.

### *Eo Nomine* Designation

An *eo nomine* designation is a description "by a specific name, usually one well known to commerce." *United States v. Paul M.W. Bruckmann*, 65 CCPA 90, 94 n. 8, 582 F.2d 622, 625 n. 8 (1978). The entries "Of iron or steel" and "Enameled or glazed with vitreous glasses" are adjectival in form. Such "adjectival item denominations are not *eo nomine* provisions" since they "do *not name* anything but only qualify something previously named." 65 CCPA at 94–95, 582 F.2d at 626 (emphasis in original).

The entry "Cooking and kitchen ware: Teakettles" is a statistical provision. According to General Statistical Headnote 2(c) "statistical annotations are subordinate to the provisions of the legal text and cannot change their scope." [3] Since the statistical provision cannot change the scope of item 654.02, the language cannot be considered an *eo nomine* provision.

---

**3.** The General Statistical Headnote states in pertinent part:

    2. *Statistical Annotations.*

      . . . .

    (c) The statistical annotations are subordinate to the provisions of the legal text and cannot change their scope.
General Statistical Headnote 2(c) TSUS (1980, 1981).

Further, item 654.02 specifically excludes articles plated with a precious metal. It therefore does not describe the merchandise in question since the Court has determined the cookware is coated or plated with gold.

Headnote 2(d)

Plaintiff seeks to apply Headnote 2(d) of Schedule 6 in the event that this Court determines that stainless steel is a base metal. Since this Court need not reach this question, there is no need for further discussion.

Established Practice of Customs

Plaintiff claims that there existed an established and uniform administrative practice of long standing of Customs classifying the cookware under item 654.02. Plaintiff contends that this pattern of classification under item 654.02 has existed for over five years, from 1976 through 1981. Plaintiff's trial brief at 93. However, plaintiff offers no proof that the cookware imported during this period of time was in fact gold-plated. During trial, when asked if prior to 1981, both the articles with the stainless steel rim and the gold-plated rim had the same duty, one of plaintiff's witnesses stated, "I can't say exactly, but I know that even with the gold-plated ones we had a duty which was around three percent." Tr. 71. This response suggests a separate rate of duty for cookware with stainless steel rims as opposed to those with gold-plated rims.

In order to establish a uniform administrative practice of long standing where there was no affirmative or negative finding of such practice, a plaintiff may show the actual uniform liquidations at various ports over a period of time. *Heraeus–Amersil, Inc. v. United States*, 9 CIT 412, 617 F.Supp. 89 (1985), *aff'd*, 4 Fed.Cir. (T) 95, 795 F.2d 1575 (1986), *cert. denied*, 479 U.S. 1064, 107 S.Ct. 949, 93 L.Ed.2d 998 (1987).

The Court in *Heraeus–Amersil* found that classification under two items of the TSUS of over 300 liquidations at two ports over a ten-year period qualified as a uniform and established practice upon which

the plaintiff could rely. 9 CIT at 416, 617 F.Supp. at 93.

Plaintiff has not provided sufficient information regarding its past liquidations for the Court to determine the existence of an established and long-standing administrative practice.

## CONCLUSION

Plaintiff has failed to meet the burden of overcoming the presumption of correctness attaching to every element necessary to satisfy the classification of the cookware in questions under 653.75, TSUS. This Court therefore affirms the Customs classification 653.75 TSUS. The complaint is dismissed.