(C.D. 2206)

ROYAL CATHAY TRADING CO.
W. J. BYRNES & CO. } *v.* UNITED STATES

United States Customs Court, First Division

(Decided October 4, 1960)

*Lawrence & Tuttle* (*Barnes, Richardson & Colburn* by *George R. Tuttle, Jr.,* and *Edward N. Glad* of counsel) for the plaintiffs.

*George Cochran Doub,* Assistant Attorney General (*Samuel D. Spector* and *Richard H. Welsh,* trial attorneys), for the defendant.

MOLLISON, Judge: The above-enumerated protest has been abandoned as to all entries, except entry No. 11016, and as to all merchandise covered by the said entry, except that identified on page three of the invoice filed in connection with that entry as "Rattancore Air Liner Cases #4564, length 23" width 15" height 10" 4 sets of 4 pieces." The merchandise so described was assessed with duty at the rate of 45 per centum ad valorem under the provision in paragraph 411, Tariff Act of 1930, as modified by T.D. 54108, for baskets, wholly or in chief value of wood.

The protest claim relied upon is for duty at the rate of 25 per centum ad valorem under the provision in paragraph 409 of the said act, as modified by T.D. 53865 and T.D. 53877, for—

All articles not specially provided for, wholly or partly manufactured of rattan * * *.

Inasmuch as it has been stipulated that the articles at bar are in chief value of wood and also in part of rattan, the only question presented is whether they are encompassed by the term "baskets," as used in paragraph 411, *supra*.

Exhibits illustrative of the merchandise imported are before us as plaintiffs' illustrative exhibits 1, 2, 3, and 4. They consist of articles in the form, shape, and appearance of hand luggage, made of woven rattan. The pieces are so sized that the smaller pieces fit or "nest" inside the large pieces, and each has metal hinges and snap latches, and the three larger pieces have locks and keys. All have handles by which they may be carried.

The plaintiffs' position is that the nature and character of the articles are such that they are commonly regarded as a category of articles, namely, suitcases and valises, differentiated and excluded from that of "baskets." The defendant's position is that the articles fall within the scope of the definition of the term "baskets," as set forth in *United States* v. *Byrnes & Co.*, 11 Ct. Cust. Appls. 68, T.D. 38728, viz:

In substance, all the dictionaries and encyclopedias define a basket as a vessel of varying capacity, made of flexible materials such as osiers, cane, twigs, and rushes, commonly interwoven and bound at the top, used for the purpose of holding, protecting, or carrying any commodity. We think such a definition correctly expresses the common understanding of the meaning of the word.

Further, the defendant contends the dictionary definitions of the terms "suitcase" and "valise" indicate that they refer to articles *used* as traveling bags, and it is said that there is no proof in the record that the articles at bar are so used.

Webster's New International Dictionary, second edition, 1945, defines "suitcase" as—

A flat rectangular valise or traveling bag large enough to contain a suit of clothes;—originally called *dress-suit case*.

and "valise" as—

A case, usually of leather and designed to be carried in the hand, for the clothes, toilet articles, etc., of a traveler; a traveling bag.

We are of the opinion that the plaintiffs' contention is correct and that the articles at bar are not within the common meaning of the term "baskets." It is true that, in its decision in the *Byrnes* case, *supra*, our appellate court indicated by the language, hereinbefore quoted, what it considered to be the common meaning of the term "basket," and it is quite possible that, in a strictly literal sense, the articles at bar fall within that description, but it is not our understanding that the description has been, or was meant to be, applied in a strictly literal fashion. Examples of articles which might literally be within the description of "baskets" in the *Byrnes* case, but which were held not to be classifiable as baskets, are the straw bags, the subject of *United States* v. *Basket Importing Co.*, 13 Ct. Cust. Appls. 98, T.D. 40941, and the rattancore table tops the subject of *United States* v. *Quon Quon Company*, 46 C.C.P.A. (Customs) 70, C.A.D. 699.

In each of those cases, although the article involved responded to the definition of the *Byrnes* case, our appellate court considered that the obvious or proved nature and use of the article established its character as other than of baskets, and we think this is true of the articles at bar. They are quite obviously suitcases or valises or hand luggage, and, while it has not been established by oral testimony or documentary evidence that their use is as such, we think this is one of the instances where mere examination of the exhibits is sufficient to establish use without the necessity of recourse to the presentation of other forms of evidence to establish the fact.

We are certain that nobody considers suitcases or valises to be a variety or kind of baskets; they are articles so dissimilar from baskets in character that the latter term is inappropriate in referring to them, even when they are made in part of interwoven basket materials.

Insofar as it relates to the particular items, hereinbefore identified, the protest claim for duty at the rate of 25 per centum ad valorem under paragraph 409, as modified, *supra*, is sustained. In all other respects and as to all other merchandise, the protest is overruled.

Judgment will issue accordingly.