57 CCPA

**SERVO–TEK PRODUCTS CO., Inc.,**
**Appellant,**

v.

**The UNITED STATES, Appellee.**

**Customs Appeal No. 5333.**

United States Court of Customs and Patent Appeals.

Nov. 6, 1969.

Siegel, Mandell & Davidson, New York City, attorneys of record, for appellant; Allan H. Kamnitz, New York City, of counsel.

William D. Ruckelshaus, Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, Patrick D. Gill, New York City, for the United States.

Before RICH, Acting Chief Judge, JONES, Judge, sitting by designation, ALMOND, BALDWIN and LANE, Judges.

RICH, Acting Chief Judge.

This appeal is from the judgment of the United States Customs Court, Second Division, 61 Cust.Ct. 224, C.D. 3581 (1968), overruling the appellant-importer's protest to the classification of four models of "geared motors."

The imported items each consist of an electric motor and a gear train, enclosed in a gear box, securely fastened together to form a single operating unit. Appellant tells us that the function of "the motor proper" is to convert electrical energy into mechanical energy at an armature speed of 3600 RPM and that the gear train reduces this armature speed to an output shaft speed of 18, 40, or 90 RPM, depending on the model, and correspondingly increases the available torque. Two of the imported models have power ratings of ½ horsepower and two have ratings of ⅛ horsepower.

The collector classified the imports under Paragraph 353, Tariff Act of 1930, as modified by Presidential Proclamation No. 3468, 97 Treas.Dec. 157, T.D. 55615:

Articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs, all the foregoing and parts thereof, finished or unfinished, wholly or in chief value of metal, and not specially provided for:

\*      \*      \*      \*      \*      \*

Other \* \* \* (except

\*  \*  \*  .  .  .  12½% ad val.

The protest asks for classification as "motors" under another provision of Paragraph 353, Tariff Act of 1930, as modified by Presidential Proclamation No. 3512, 98 Treas.Dec. 28, T.D. 55805:

Articles having as an essential feature an electrical element or device, such as electric motors \* \* \* wholly or in chief value of metal, and not specially provided for:

Motors of more than
⅒ horsepower but
less than 200 horse-
power  .  .  .  .9½% ad val.

The parties seem to agree that there are two somewhat competing "general rules" of judicial origin bearing on whether an item will fall within a given *eo nomine* provision. One of these is that "an *eo nomine* statutory designation of an article, without limitations or a shown contrary legislative intent, judicial decision, or administrative practice to the contrary, and without proof of commercial designation, will include all forms of said article." Nootka Packing Co. v. United States, 22 CCPA 464, 470, T.D. 47464. The other is that "an item which is *more than* a certain article cannot fall within the *eo nomine* provision for that article." *E. g.*, United States v. A. W. Fenton Co., 49 CCPA 45, 47, C.A.D. 794 (1962).

Needless to say, appellant contends that the geared motors in issue are merely a special type of motor while the Government contends that an electric motor *plus* the gear train speed-reducer

transmissions is *"more than"* a motor, for tariff purposes. The arguments of both parties and the opinion of the court below center on the decision and opinion of this court in the *Fenton* case, supra, where, as here, the imported item was claimed to be an "electric motor." Invoiced as "Hoover Electric Motor and Gear Assemblies," the import was described in the *Fenton* opinion as follows:

> * * * the article includes such components of an electric motor as an armature, field assembly, commutator, carbon brushes, and bearings, along with a two-piece frame which holds those parts together as a unit. Each end of the armature shaft is provided with a worm adapted to drive a worm gear. Such a gear, mounted on a drive shaft, is held in driven connection with each of the worms by the frame. The two drive shafts are disposed in spaced parallel relationship, perpendicular to armature shaft.

Appellant points out that the above language suggests that this court was then of the opinion that there could be some article called a "gear motor" or "special purpose motor" which would not be "more than" a motor, for tariff purposes. Appellant also correctly points out that the instant case is readily distinguished from the situation in *Fenton* in that there were several features in the *Fenton* articles the purposes of which were in no way related to the creation or transmission of mechanical energy and that these "additional" features caused the article as a whole to be dedicated to *one* particular use, as the principal component of a floor polisher.

For example, we pointed out in *Fenton* that the frame of the unit provided a protective skirt for the polishing brushes and had lugs for the attachment of the floor-polisher handle. We do not consider the *Fenton* case to be controlling, though up to a point there are close similarities in the facts here with those in that case since the *Fenton* unit comprised a motor and reduction gear drives.

The *Nootka* case, supra, dealt with minced clams and the *eo nomine* tariff provision was for "clams." They were held to be still clams notwithstanding the mincing operation. The numerous cases there discussed and found to support the conclusion that an *eo nomine* designation includes all *forms* of the named article were almost all food product cases where something had been done to the basic article to alter its form. They have little bearing here where we are not dealing with a motor to which something has been done but with a unitary piece of composite machinery which contains a motor as an element and a gear train speed-reducer as another element.

On the facts before us, we agree with the conclusion of the Customs Court that the imports are more than motors and that the classification was correct. We further agree with the lower court and the Government that appellant has failed to produce evidence sufficient to show that the geared motors are regarded in the commerce and industry of the United States as merely a type of *"motor." Such a showing would have to be made to upset the presumptive correctness of the collector's classification. The evidence in this case is insufficient to do this.

Appellant has referred to Section XVI, 85.01 (Electric Motors) of the Brussels Nomenclature in support of its view. We agree with the Government's position that this has no bearing on the construction of terms long antedating the Brussels Nomenclature in the Tariff Act of 1930, under which this case must be decided.

The judgment below is affirmed.

Affirmed.