59 CCPA

**FEDTRO, INC., Appellant,**

v.

**The UNITED STATES, Appellee.**

**Customs Appeal No. 5414.**

United States Court of Customs and Patent Appeals.

Nov. 11, 1971.

Siegel, Mandell & Davidson, New York City, attorneys of record, for appellant; Allan H. Kamnitz, Joshua M. Davidson, New York City, of counsel.

L. Patrick Gray, III, Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, John A. Gussow, New York City, for the United States.

Before WORLEY, Chief Judge, and RICH, ALMOND, BALDWIN and LANE, Judges.

BALDWIN, Judge.

This appeal is from the judgment of the Customs Court, Second Division,[1] overruling a protest against the classification of imported merchandise invoiced as "4-Way Flasher Switches for Auto-mobiles." The Regional Commissioner classified the merchandise under item 685.90 of the Tariff Schedules of the United States [TSUS], which reads:

> Electrical switches, relays, fuses, lightning arresters, plugs, receptacles, lamp sockets, terminals, terminal strips, junction boxes and other electrical apparatus for making or breaking electrical circuits, for the protection of electrical circuits, or for making connections to or in electrical circuits; switchboards (except telephone switchboards) and control panels; all the foregoing and parts thereof ..............17.5% ad val.

Appellant claims classification under item 685.70, TSUS, which reads:

> Bells, sirens, indicator panels, burglar and fire alarms, and other sound or visual signalling apparatus, all the foregoing which are electrical, and parts thereof .............8.5% ad val.

The imported article is used to connect the front and back signal lamps of an automobile with the flasher circuit for the directional signals, in such a manner that all four lamps flash simultaneously. The article includes a switch which is selectively operative to provide the 4-way flashing action, an indicator light, a capacitor connected across the switch terminal, and a fuse in series circuit with the switch. These elements are disposed in a housing which is adapted for mounting on the dashboard. The indicator light is made up of a red jeweled lens on the housing cooperating with a lamp bulb in a socket disposed within the housing. The socket of the

indicator light is so wired that, when the 4-way switch is on, the light flashes simultaneously with the front and back signal lamps. When the 4-way switch is off, the indicator light is in circuit through the brake light switch of the automobile so as to indicate when that switch is closed.

The Customs Court rejected the importer's claim that the merchandise is "more than" a switch. The Court stated:

> It is apparent from the record that [the merchandise] was designed to function primarily as a switch. Indeed, [it] is even described as a "Flasher switch" on the installation and operation instruction card which accompanied it. * * * The fact that [it] monitors the brake light switch and has other features and functions is, in the court's opinion, merely incidental to the primary function of the electrical switch. It is, therefore, not more than a switch.

We disagree with the court that the function of the indicator light, in particular the function of monitoring the operation of the brake light switch, is merely incidental to the switching function of the merchandise. The indicating light structure and its circuitry take no part in the switching function. These elements were specifically designed to add additional functions to the merchandise which are significantly different from the switching function. Thus, the merchandise is more than an apparatus for making or breaking electrical circuits.

The Customs Court also held that the merchandise is not *per se* signalling apparatus, and we agree, albeit for different reasons. The court based its conclusion on the premise that the indicating light itself is not a signalling apparatus, because it is not used by one person to communicate with or signal to another. We find the court's definition of signalling apparatus to be unduly restrictive. It would exclude articles such as traffic signals, automatic fire alarms, and other warning devices which are commonly thought of as signalling apparatus even though they are not used by one *person* to communicate with or signal to another.[2] The court cited S. Hiller & Co. v. United States,[3] but neither that case nor the definitions of "signal" quoted therein supports the restricted meaning attributed below to the word "signalling." Thus the *Hiller* court cited the following definitions from Webster's New International Dictionary, Second Edition, 1958:

> signal, n.  . . .  A sign made to give notice of something, as of a command or danger; as a signal to fire  . . . .

> signal, v.  1.  To communicate by signals;  . . .  2.  To notify by a signal or signals;  . . .

To these, appellant adds from the same authority:

> signal, n.  . . .  4b.  An object placed to convey notice or warning; as, a traffic signal.

The indicator light in the present article meets those definitions by notifying the driver by means of a signal of the proper operation of the 4-way flasher circuit or of the brake light switch.[4]

While the indicator light is thus a signalling apparatus, we are not here dealing with the indicator light by itself. In our opinion, the merchandise at bar is more than a signalling apparatus *per se*. It contains both the indicator

---

2. We note that item 685.70 itself specifies "burglar and fire alarms" along with "other * * * signalling apparatus."

3. 59 Cust.Ct. 79, C.D. 3082 (1967).

4. Appellee's witness, an engineer with a manufacturer of automobile accessories, did offer the opinion that indicator lights which only "indicate to one person and not to other vehicles around" are not normally called visual signalling devices in the trade. We do not find his testimony at all persuasive that the term "signalling apparatus" has a commercial meaning contrary to the clear import of the dictionary definitions. See Passaic Worsted Co. v. United States, 17 CCPA 459, T.D. 43916 (1930).

light and a switch, and the switching function cannot be said to be merely incidental to the indicating function. The same considerations which make the merchandise more than a switch make it more than a signalling device *per se*.

The merchandise at bar forms a part of the circuitry which allows simultaneous flashing of the external signal lamps of an automobile. This emergency flasher system is "signalling apparatus" under even the most restrictive definition. We therefore hold that the merchandise at bar is properly classifiable under item 685.70, TSUS, as parts of signalling apparatus.

The judgment of the Customs Court is reversed.

Reversed.