**DIGITAL EQUIPMENT CORPORATION, Plaintiff–Appellee,**

v.

**The UNITED STATES, Defendant–Appellant.**

**No. 89–1438.**

United States Court of Appeals, Federal Circuit.

Nov. 14, 1989.

Rehearing Denied Dec. 12, 1989.

Suggestion for Rehearing In Banc Declined Jan. 25, 1990.

William D. Outman, II, Baker & McKenzie, Washington, D.C., argued for plaintiff-appellee. With him on the brief was Thomas Peele. Also on the brief was Edward F. Juliano, Jr., Corporate Customs Atty., Digital Equipment Corp., of counsel.

Saul Davis, Commercial Litigation Branch, Dept. of Justice, New York City, argued for defendant-appellant. With him on the brief were Stuart E. Schiffer, Acting Asst. Atty. Gen., David M. Cohen, Director and Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office.

Frederick L. Ikenson and Larry Hampel, of Frederick L. Ikenson, P.C., Washington, D.C., were on the brief, for amicus curiae, Zenith Electronics Corp.

Before BISSELL and MICHEL, Circuit Judges, and COWEN, Senior Circuit Judge.

COWEN, Senior Circuit Judge.

## DECISION

The United States appeals from a decision of the United States Court of International Trade which found that the Customs Service had improperly classified merchandise as "rectifiers and rectifying apparatus" under Item 682.60 of the Tariff Schedules of the United States (TSUS). *Digital Equip. Corp. v. United States*, 710 F.Supp. 1381 (Ct.Int'l Trade 1988). We affirm.

## I

### BACKGROUND

The subject imported merchandise, which can generally be described as power supplies for computers, has been stipulated for the purpose of this action to be represented by the DEC Model H 7862–C Computer Power Supply.

The Customs Service classified this merchandise as "rectifiers and rectifying appa-

ratus" under Item 682.60 of the TSUS. Schedule 6, part 5 of the TSUS includes:

Generators, motors, motor-generators, converters (rotary or static), transformers, rectifiers and rectifying apparatus, and inductors; all of the foregoing which are electrical goods, and parts thereof:

The appellee contended and the Court of International Trade agreed that these articles are properly classifiable under a provision which recognizes their use as parts of computers, namely, as parts of automatic data-processing machines and units thereof under Item 676.52 (now Item 676.54) of the TSUS. Schedule 6, Part 4, Subpart G of the TSUS encompasses:

Calculating machines; accounting machines, cash registers, postage-franking machines, ticket-issuing machines, and similar machines, all the foregoing incorporating a calculating mechanism:

\* \* \* \* \* \*

Parts of automatic data-processing machines and units thereof.

In his opinion, the trial judge described the functions of the imported article in nine detailed categories, and then found that the article contains four "elements which have an importance of their own vis-a-vis a computer, and a role which it would be unreasonable to treat as merely incidental or ancillary to rectification."

The trial judge considered authoritative reference works and found that they did not support the government's interpretation of the term "rectifying apparatus".

Having found that the imported merchandise contained an abundance of important additional functions, the court concluded that the functional aspects of the imported article are not encompassed "by even the most generous interpretation of the tariff provision for rectifiers and rectifying apparatus." Accordingly, the court held that under the "more than" doctrine, TSUS 682.60 is an inadequate and improper classification for the merchandise at issue, and that it should be properly classified under Item 676.52 of the TSUS as parts of computers.

II

OPINION

"While the meaning of a classification term is a question of law, the issue of whether particular imported articles come within the definition of a classification term is a question of fact, subject to the clearly erroneous standard of review." *Simod Am. Corp. v. United States*, 872 F.2d 1572, 1576 (Fed.Civ.1989) (citations omitted).

The basic factual issue in this case is whether the imported articles come within the definition of "rectifiers or rectifying apparatus" under Item 682.60 of the TSUS, as the Government contends, or whether the articles come within the definition of parts of computers, *i.e.*, "parts of automatic data processing machines and items thereof" under Item 657.52 as the appellee contends. On this factual issue, there was conflicting testimony by the parties' expert witnesses and the trial judge resolved the conflict in favor of the appellee.

■ The Government has not attempted to establish and has not established that the trial court's findings of fact are clearly erroneous.[1] Instead, the Government contends that the issue involved in this case is a question of law on which the Government is entitled to a *de novo* review. In support of this position the Government relies on *Hasbro Indus. Inc. v. United States*, 879 F.2d 838 (Fed.Civ.1989). However, in that case we also held, as we had held in *Simod Am.*, that whether an item comes within the definition of a classification term is a question of fact. *Hasbro Indus.*, 879 F.2d at 840.

The courts have uniformly held that merchandise which constitutes more than a particular article or which has additional nonsubordinate or coequal functions is not classifiable as that article. *See, e.g., United States v. Flex Track Equip. Ltd.*, 59 CCPA 97, 458 F.2d 148 (1972); *E. Green & Son v. United States*, 59 CCPA 31, 450 F.2d 1396 (1971); *Servo–Tek Prods. Co. v. United States*, 57 CCPA 13, 416 F.2d 1398 (1969).

1. *See* Appellant's Reply Brief at 5–6 n. 7.

■ As stated, *supra,* the trial judge made the factual findings that the imported merchandise has four additional functions which are not incidental or ancillary to "rectifiers or rectifying apparatus". The Government has made no effort to show that these findings are clearly erroneous, and since we find that there are two permissible views of the evidence in this case, we cannot find that the trial court's findings of fact are clearly erroneous, whether the findings are based on credibility determinations, on documentary evidence, or on inferences from other facts. *Anderson v. Bessemer City,* 470 U.S. 564, 574, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985).

Consequently, we hold that the trial judge correctly concluded, as a matter of law, that the articles in issue should have been classified by the Customs Service in TSUS 676.52 as "parts of automatic data processing machines or parts thereof."

*Fedtro, Inc. v. United States,* 376 F.Supp. 1398 (Cust.Ct.1974) involved the *same provision,* which is in dispute here, Item 682.60 of the TSUS. The imported article in that case consisted of a multi-purpose deluxe battery charger with a silicon diode, which was designed to perform two functions: (1) to recharge dry cell batteries and (2) to test the degree of charge on 1.5 volt batteries. There, as here, the government argued that the testing function was incidental or auxiliary and therefore, that the article was properly classifiable as a "rectifying apparatus". The scope and meaning of the term "rectifying apparatus" in Item 682.60 were examined in depth by the Court, which relied on several sources including the Brussels Nomenclature of 1955. The court disagreed with the government's contention, finding that the testing light structure and its circuitry added a function which was significantly different from the rectifying function. Therefore, the court held that the merchandise was more than a rectifying apparatus.

Similarly, in an analogous decision by the Court of Customs and Patent Appeals, *Fedtro, Inc. v. United States,* 59 CCPA 16, 449 F.2d 1395 (1971), the court, applying the "more than doctrine", found that the merchandise in that case performed a significantly different function than the article described in the classification relied upon by the Customs Service.

We emphasize the fact that the imported device in issue here contains more significantly different functions than the devices in either of the Fedtro cases.

## CONCLUSION

We agree with the findings of the trial court. These findings are not disputed by the Government and, in our opinion, are dispositive of the issue presented in this appeal. We also agree with the conclusions in the well-reasoned opinion of Judge Watson. Accordingly, the decision of the Court of International Trade, which held that the merchandise should be classified under Item 676.52 of the TSUS, is

AFFIRMED.

BISSELL, Circuit Judge, dissenting.

I respectfully dissent because the majority has mischaracterized the issue. The issue is not the factual question of whether these particular imports fit within the classification term "rectifying apparatus." The issue instead is the legal question of whether the judge properly defined the term "rectifying apparatus."

First, Digital Equipment Corporation does not dispute that its imported items are computer power supplies, albeit more sophisticated and complex than those available in 1962 when the pertinent TSUS provisions were enacted. Second, based on a review of the 1955 Brussels Nomenclature, technical lexicons and dictionaries, and testimony from both the government's and importer's experts, the trial judge determined that the term "rectifying apparatus" in Item 682.60 allows for functions in addition to rectification. Additionally, it is my view that, at the time Congress enacted the 1962 TSUS, it intended the term to encompass "power supplies," including power supplies for computers. Accordingly, the trial judge erred as a matter of law by defining "rectifying apparatus" to exclude

certain modern computer power supplies solely on the basis of complexity. Tariff schedules are not frequently revised and of necessity are drafted to accommodate technological advancements. There is nothing in the 1962 TSUS or its legislative history that warrants limiting the definition of "rectifying apparatus" to power supplies of a particular complexity or era. Therefore, I would reverse.