SANWA FOODS, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 91–12–00927

(Dated August 23, 1993)

*Glad & Ferguson (Edward N. Glad),* for plaintiff.
*Stuart E. Schiffer,* Acting Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice, *(Mark S. Sochaczewsky), Stephen Berke,* Attorney, United States Customs Service, of counsel, for defendant.

## MEMORANDUM OPINION

GOLDBERG, *Judge:* This action comes before the court on plaintiff's Motion for Summary Judgment and defendant's Cross-Motion for Summary Judgment pursuant to Rule 56 of the rules of this court. Plaintiff, Sanwa Foods, Inc., challenges the United States Customs Service's classification of the imported merchandise. The court has jurisdiction under 28 U.S.C. § 1581(a) (1988).

### BACKGROUND

Plaintiff is the importer of rolls of continuous lengths of film consisting of polymer ethylene laminated with cellophane which is used for packing, transporting, and marketing various noodle mixes in the United States. The merchandise at issue is imported from Japan and entered the United States at the port of Los Angeles, California between the dates of March 13, 1990 and April 10, 1990. The subject merchandise was classified by the United States Customs Service ("Customs") under the Harmonized Tariff Schedule of the United States ("HTSUS") subheading 3920.10.00, which encompasses "[o]ther plates, sheets, film, foil and strip, of plastics, noncellular and not reinforced, laminated, supported or similarly combined with other materials: [o]f polymers of ethylene." The merchandise was assessed with a duty rate of 4.2 percent *ad valorem.* Plaintiff claims that the proper classification was HTSUS subheading 3923.21.00 which includes sacks and bags for the conveyance or packing of goods of polymers of ethylene and is dutiable at a rate of 3 percent *ad valorem.*

Plaintiff filed timely protests, which were denied by Customs on December 27, 1991. Plaintiff then filed a complaint before this court. Prior to the commencement of this action, plaintiff paid all liquidated duties in the manner and within the time required by law.

On November 3, 1992, plaintiff filed its motion for summary judgment asserting that Customs improperly classified the subject merchandise, and that no genuine material issues of fact remain in dispute. On March 5, 1993 defendant filed a cross-motion for summary judgment, and argued that no issues of fact exist since the merchandise is appropriately classified under HTSUS subheading 3920.10.00.

DISCUSSION

A. *Nature of the Merchandise:*

The parties agree regarding the underlying factual predicate of the case. The parties concede that the merchandise in question consists of color printed cellophane plastic film laminated to a polyethylene plastic. After importation into the United States, the imported merchandise is used to make retail packaging for a noodle product. Defendant's Brief in Support of its Cross-Motion for Summary Judgment ("Defendant's Brief") at 1 and Plaintiff's Brief in Support of its Motion for Summary Judgment ("Plaintiff's Brief") at 1.

B. *Classification of the Merchandise:*

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." USCIT R. 56(d).

In the case at bar, the parties agree that the merchandise is properly classified only under either HTSUS subheading 3920.10.00 or 3923.21.00.

The HTSUS headings in dispute state:

| 3920 | Other plates, sheets, film, foil and strip, of plastics, noncellular and not reinforced, laminated, supported or similarly combined with other materials: | |
|---|---|---|
| 3920.10.00 | of polymers of ethylene . . . . . . . . . . . . . | 4.2% |
| * | *       *       *       *       *       * | |
| 3923 | Articles for the conveyance or packing of goods, of plastics; stoppers, lids, caps and other closures, of plastics: | |
| 3923.21.00 | Sacks and bags (including cones): | |
| | Of polymers of ethylene . . . . . . . . . | 3% |

Plaintiff claims that the imported merchandise is not classifiable under HTSUS subheading 3920.10.00 because it is laminated and that provision does not include merchandise that is laminated, regardless of the material used for lamination. Alternatively, plaintiff claims that HTSUS subheading 3920.10.00 does not include sheets and film of plastics that are laminated with materials **other** than polymers of ethylene. Since the lamination in this case was made utilizing a cellulosic plastic film which is a different material from a polyethylene plastic film, plaintiff contends that the imported merchandise is not covered by this tariff classification.

Defendant asserts that plaintiff's reading of HTSUS subheading 3920.10.00 is incorrect. Defendant contends that HTSUS subheading 3920.10.00 is broader than claimed by plaintiff, and only excludes film of ethylene laminated with materials other than plastics. Since the subject

merchandise is laminated with cellophane and since cellophane is a plastic, the merchandise falls within the scope of the provision.

In evaluating the various claims presented, the court notes at the outset that pursuant to 28 U.S.C. § 2639(a)(1) (1988), it is well settled that Customs' classification is presumed correct, and the burden of proof is upon the party challenging the classification. *Jarvis Clark Co. v. United States*, 2 Fed. Cir. (T) 70, 72, 733 F.2d 873 (1984) *reh'g denied*, 2 Fed. Cir. (T) 97, 739 F.2d 628 (1984). To determine whether an importer has overcome the statutory presumption, the court must consider whether "the government's classification is correct, both independently and in comparison with the importer's alternative." *Id.* at 75.

The meaning of a tariff term is a question of law. *Digital Equip. Corp. v. United States*, 8 Fed. Cir. (T) 5, 6, 889 F.2d 267 (1989). Moreover, when a tariff term is not defined in either the HTSUS or its legislative history, the correct meaning of a term in a tariff provision is the common meaning understood in trade or commerce. *Schott Optical Glass Inc. v. United States*, 67 CCPA 32, 34, 612 F.2d 1283 (1979). Finally, a court may rely upon its own understanding of terms used, and may consult standard lexicographic and scientific authorities, to determine the common meaning of a tariff term. *Trans-Atlantic Co. v. United States*, 60 CCPA 100, 471 F.2d 1397 (1973).

The court notes that heading 3920 states that non-cellular plastics are *not covered* if they are reinforced, *laminated*, supported or *similarly combined* with *other materials*. The court first examines the General Rules of Interpretation ("GRI") to the HTSUS for guidance in determining the meaning of the tariff provision under review.

GRI 1 states that "for legal purposes, classification shall be determined according to the terms of the headings * * * and, *provided such headings * * * do not otherwise require*, according to the * * * provisions [of the following rules]." (Emphasis added.) GRI 2(b) then goes on to state that "[a]ny reference in a heading to a material or substance shall be taken to include a reference to mixtures or combinations of that material or substance with other materials or substances." Thus, as a general rule under the HTSUS, a material combined with another material, for example through a process of lamination, would automatically be included within the scope of the heading, unless the wording expressly provides otherwise.

Consequently, the court concludes that the purpose of the wording regarding "lamination" in heading 3920 is not, as suggested by plaintiff, to exclude an article simply because it is laminated. Rather, the purpose is to explicitly limit the scope of the heading so that the general rule expressed in GRI 2(b) with respect to combinations of materials described above does not apply.

Furthermore, the term "other materials" includes cellular plastics. The court is not persuaded by defendant's argument that the term is limited to materials other than plastics, whether noncellular or cellular. For the following reasons the court finds that the defendant interprets

the term "other materials" in heading 3920 too narrowly. First, clearly the HTSUS does not treat plastics as one item for classification purposes. Rather, the HTSUS distinguishes between cellular and non-cellular plastics. Thus, the plain language of heading 3920 expressly limits the coverage of that tariff provision to non-cellular plastic articles. Articles of cellular plastics are covered by the explicit terms of heading 3921.[1]

Moreover, upon closer examination, the court finds that noncellular and cellular plastics are, in fact, different materials. According to *Van Nostrand's Scientific Encyclopedia* 546 (7th ed. 1989), cellular plastics are "unique among the plastics in that the basic materials used in their manufacture are not synthetic polymers. Rather, they are derivative of a natural polymer, cellulose." Consequently, the court determines that the term "other materials" for the purpose of heading 3920 refers broadly to all materials other than non-cellular plastics.

This interpretation of the scope of heading 3920 is further supported by the Harmonized Commodity Description and Coding System Explanatory Notes (1986) ("Notes") which are the Customs Cooperation Council's official interpretation of the Harmonized System. In referring to the Notes, the court recognizes that they do not constitute controlling legislative history. Rather, their purpose is to clarify the reach of HTSUS subheadings and to offer guidance in interpreting the subheadings. *See Mita Copystar Corp. v. United States,* No. 93–76 (CIT May 20, 1993).

The Note to HTSUS 3920 states that:

> [t]his heading covers plates, sheets, film, foil and strip of plastics, **other than** those of **heading 39.18** or **39.19**. It does not cover cellular products or those which have been reinforced, laminated, supported or similarly combined with other materials **(heading 39.21)**.

This is essentially the same language that appears in the tariff heading. In the court's view, the clear meaning of this language is that an article is not covered by heading 3920 if it is combined with a cellular plastic material. This is demonstrated to the court by the parenthetical reference immediately following the words "combined with other materials" to HTSUS heading 39.21, which covers plastic articles made of cellular materials. In addition, lamination is listed as an example of what constitutes combining for the purposes of the provision.

Based on the above, the court determines that heading 3920 does not cover articles that are laminated with materials other than noncellular plastics. Having thus determined, the court must next decide whether the cellophane used to laminate the imported merchandise falls within the category "other materials" for the purposes of subheading 3920.10.00.

---

[1] Heading 3921 reads:
    Other plates, sheets, film, foil and strip, of plastics:
        Cellular:

The parties agree that cellophane is a plastic. Consequently, the question for the court to determine is whether cellophane is a cellular plastic rather than a non-cellular plastic, and therefore falls outside the scope of that tariff position.

According to *Webster's New World Dictionary* 226 (3d college ed. 1988), cellophane is "a thin, transparent material made from cellulose, used as a moisture-proof wrapping for foods, tobacco, etc." Thus, since cellophane is made of cellulose it falls within the category of cellular plastics not covered by subheading 3920.10.00. On this basis, the court concludes that cellophane is an "other material" for the purposes of HTSUS item 3920.10.00.

Consequently, this court determines that the imported merchandise falls outside the scope of HTSUS item 3920.10.00. The plaintiff has thus overcome the presumption of correctness which attaches to Customs' classification decision.

The court next turns to its examination of plaintiff's claim that the imported merchandise is properly classified under HTSUS 3923.21.00 as sacks and bags of polymers of ethylene for the conveyance or packing of goods at 3 per cent *ad valorem*.

In evaluating plaintiff's classification claim under HTSUS subheading 3923.21.00, the court must weigh the different characteristics of the imported merchandise. Heading 3923 generally covers "[a]rticles for the conveyance or packing of goods, of plastics; stoppers, lids, caps and other closures, of plastics * * *." However, in its imported condition, the subject merchandise is incapable of conveyance or packing of goods since it consists of continuous lengths of flat plastic.

The GRI's provide in GRI 2(a) that any reference in a heading to an "article" shall be taken to include a reference to that article whether incomplete or unfinished. Since nothing in the wording of the subheading precludes application of GRI 2(a), the court determines that subheading 3923.21.00 includes both finished and unfinished articles. Defendant concedes that if the court applies GRI 2(a) to heading 3923 so as to include unfinished articles, the imported merchandise would be covered by the heading. (Defendant's Brief at 7.)

Consequently, the court concludes that the proper classification of the subject merchandise is subheading 3923.21.00, and therefore no genuine issues of fact remain.

Plaintiff has requested this court to direct the defendant to pay interest on excessive duties paid, and that such interest be calculated, pursuant to 28 U.S.C. § 2644 (1988), from the date of the filing of the summons to the date of the actual refund. The court determines that plaintiff's request is appropriate.

## CONCLUSION

For the reasons provided above this court holds that no genuine issues of fact remain regarding the classification of the subject merchandise in

this action. Accordingly, plaintiff's motion for summary judgment is granted and defendant's motion for summary judgment is denied.

Therefore, Customs is directed to reliquidate the entries under HTSUS 3923.21.00. Furthermore, it is directed that defendant pay interest on excessive duties paid, and that such interest be calculated, pursuant to 28 U.S.C. § 2644 (1988), from the date of the filing of the summons to the date of the actual refund.