**H.J. STOTTER, INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

Slip Op. 94–121.
Court No. 92–03–00142.

United States Court of
International Trade.

July 27, 1994.

## OPINION

CARMAN, Judge:

Plaintiff commenced this action pursuant to 19 U.S.C. § 1515(a) (1988) to challenge the United States Customs Service's (Customs) classification and liquidation of its imported merchandise. The Court has jurisdiction under 28 U.S.C. § 1581(a) (1988) and, for the reasons which follow, enters judgment for plaintiff.

### BACKGROUND

The merchandise at issue consists of the following white wicker articles: an ice bucket with lid (Style No. 10335R), a pitcher with lid (Style No. 10334R), a tray with strengthened sides (Style No. 10333), a set of six jumbo coasters (Style No. 10332), and a set of six DOF coasters (Style No. 10331). Plaintiff's Statement of Material Facts As To Which There Is No Genuine Issue To Be Tried (Pl.Stmt.) at ¶ 1. For purposes of the tariff schedules, all of the subject merchandise are "of rattan." *Id.* at ¶ 3. The only evidence Customs has concerning the use of the imported merchandise is information provided in Plaintiff's Exhibit (Pl.Ex.) 2. *Id.* at ¶¶ 8, 9. This evidence indicates the two types of coasters (Style Nos. 10331 and 10332) are used as glass or tumbler holders. *Id.* at ¶ 8. Plaintiff's Exhibit 2 provides photographs of each of the items as contained in plaintiff's sales catalog. These photos show that a plastic ice bucket, pitcher and tumbler fits within the respective wicker items. Pl.Ex. 2. The plastic inserts are removable for purposes of cleaning. *Id.*

Customs classified all of the merchandise in three of the entries, and the ice buckets (Style No. 10335) and pitchers (Style No.

10334) in the fourth entry, under item 222.42, TSUS. In the fourth entry (No. 241–1018160), however, Customs classified the coasters/glass holders (Style Nos. 10331 and 10332) and the trays (Style No. 10333) under item 222.60, TSUS. Pl.Stmt. at ¶ 7. The parties agree the trays (Style No. 10333) are properly classified under item 222.60, TSUS. *Id.* at ¶¶ 4, 6. Additionally, it is not disputed that the trays "are articles of the type described in the [Tariff Classification Study Explanatory and Background Materials, Schedule 2, Part 2 (1960) (*TCS* ) ] as being classifiable under Tariff Items 222.60 through 222.64." *Id.* at ¶ 5. Item 222.42, TSUS provides for an *ad valorem* rate of 10%, while item 222.60, TSUS provides for an *ad valorem* rate of 6.6%.

Plaintiff filed a timely protest under 19 U.S.C. § 1514(a) (1988) to challenge Customs' classification. On February 28, 1992, Customs denied the protest under 19 U.S.C. § 1515 and, after having paid all liquidated duties, plaintiff commenced this action pursuant to 28 U.S.C. § 1581(a).

## TARIFF PROVISIONS

Classified under:

> Schedule 2, Part 2, Subpart B (1986):
> Baskets and bags, of unspun fibrous vegetable materials, whether lined or not lined:
>
> . . . .
>
> 222.42     Of rattan or of palm leaf ... 10%. . . .

Claimed under:

> Schedule 2, Part 2, Subpart B (1986):
> Articles not specially provided for, of unspun fibrous vegetable materials:
>
> 222.60     Of one or more of the materials bamboo, rattan, willow, or chip ... 6.6%. . . .

---

### CONTENTIONS OF THE PARTIES

Plaintiff contends the merchandise at issue should properly be classified under item 222.-60, TSUS. In support of its argument, plaintiff relies primarily on the legislative intent as indicated by the *TCS*. Plaintiff argues the *TCS* demonstrates the subject imports should be classified under item 222.60, TSUS, and that this legislative intent "should outweigh any argument based purely upon physical descriptions of what might or might not be considered ... a basket." Pl.Memo in Support of Motion for Summary Judgment (Pl.Memo) at 7.

Additionally, plaintiff claims the Court should not presume Customs' classification of the two types of coasters/glass holders (Style Nos. 10331 and 10332) under item 222.42, TSUS, is correct because Customs classified some of the coaster entries under item, 222.-60. According to plaintiff, Customs loses its presumption of correctness where it classifies identical merchandise under two different tariff provisions. Moreover, plaintiff points out Customs has presented no evidence which indicates the classification of the coasters/glass holders (Style Nos. 10331 and 10332) under item 222.60, TSUS, in entry number 241–10181660 was simply a mistake.

Defendant cross-moves for summary judgment requesting that the Court deny plaintiff's motion for summary judgment except with respect to the trays (Style No. 10333). Defendant agrees with plaintiff that the trays are properly classified under item 222.60, TSUS. With respect to the other merchandise, however, Customs contends its classification is correct because the subject imports fit within the provision for "rattan baskets" in item 222.42, TSUS. Customs maintains the conflicting classifications of the coasters/glass holders (Style Nos. 10331 and 10332) do not preclude the presumption of correctness from attaching to its decision because the classification of these items under item 222.60, TSUS, was an error.

Customs further argues plaintiff has not properly interpreted the TSUS. Customs points to the language of TSUS General Rule of Interpretation 10(c) which indicates merchandise must be classified based on "the provision which most specifically describes it." According to defendant, the provision for "rattan baskets" in item 222.42, TSUS, is more specific than the general provision for rattan articles not specifically provided for in item 222.60, TSUS. Because a more specific *eo nomine* provision is preferred to classification under "not specifically provided for" provisions, defendant concludes the merchandise in question must be classified under item 222.42, TSUS. Defendant discounts plaintiff's reliance on the *TCS* arguing this "only includes items which are not included in the common meaning of baskets." Def.Reply at 2. Defendant maintains "because the articles here *are* included in the common meaning of baskets, . . . they are properly classifiable as baskets." *Id.*

### STANDARD OF REVIEW

As with all customs classification cases, the government's classification decision is presumed to be correct and the party challenging the decision has the burden of overcoming this statutory presumption. 28 U.S.C. § 2639(a)(1) (1988). To determine whether an importer has overcome the statutory presumption, the Court "must consider whether the government's classification is correct, both independently and in comparison with the importer's alternative." *Jarvis Clark Co. v. United States*, 2 Fed.Cir. (T) 70, 75, 733 F.2d 873, 878 (1984).

### DISCUSSION

This case is before the Court on cross-motions for summary judgment. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." USCIT R. 56(d). "The Court will deny summary judgment if the parties present a dispute about a fact such

that a reasonable trier of fact could return a verdict against the movant." *Ugg Int'l, Inc. v. United States*, 17 CIT ——, ——, 813 F.Supp. 848, 852 (1993) (quotation and citation omitted). This case does not present any genuine issue of material fact. The issue that remains is whether the rattan articles before the Court are rattan baskets as classified by Customs, or, articles not specially provided for of rattan, as claimed by plaintiff. Because this issue pertains solely to matters of statutory interpretation, specifically the proper meaning of the tariff provisions advanced by the parties, the Court concludes the parties' conflict raises a question of law which the Court may properly resolve by summary judgment. *Digital Equip. Corp. v. United States*, 8 Fed.Cir. (T) 5, 6, 889 F.2d 267, 268 (1989) (citation omitted).

Although Customs' decisions enjoy a presumption of correctness,[1] the Court's role in reviewing Customs cases *de novo* is to find the *correct* result. *See Semperit Indus. Prods., Inc. v. United States*, 18 CIT ——, ——, Slip Op. 94–100 at 15–18, —— F.Supp. ——, —— (June 14, 1994). The Court determines the correct result in customs classification cases in order to achieve fair results and provide "uniform and consistent interpretation and application of the customs laws[.]" *Jarvis Clark*, 2 Fed.Cir. (T) at 73, 733 F.2d at 876 (quotations and citation omitted).

In the instant action the presumption of correctness does not attach to all of Customs' classifications of the subject imports. Because Customs classified identical merchandise under two different categories, there are conflicting conclusions of the proper classification before the Court. Although Customs maintains in its papers that the classification of the coaster/tumbler holders (Style Nos. 10331 and 10332) under item 222.60, TSUS, was simply an error, Customs provided the Court with no evidence to that effect. Consequently, plaintiff need not overcome the presumption of correctness with respect to the coaster/tumbler holders (Style Nos. 10331 and 10332), but will need to overcome the presumption of correctness attached to Customs' classification of the ice

---

1. 28 U.S.C. § 2639(a)(1).

bucket with lid (Style No. 10335R) and pitcher with lid (Style No. 10334R).[2]

The provision for baskets is an *eo nomine* designation, a designation "which describes a commodity by a specific name, usually one well known to commerce." RUTH F. STURM, CUSTOMS LAW AND ADMINISTRATION, § 53.2, at 3 (3d ed. 1991) (citing *United States v. Bruckmann*, 65 CCPA 90, C.A.D. 1211, 582 F.2d 622 (1978)). Although the provision for baskets is an *eo nomine* provision, to unduly focus on the *eo nomine* status of the provision serves only "to obfuscate the real issue." *United States v. Quon Quon Co.*, 46 CCPA 70, 73, C.A.D. 699, 1959 WL 7626 (1959). The court in *Quon Quon* noted that rather than emphasizing the *eo nomine* status of the provision, the focus should be "simply whether the imported articles are in fact 'baskets.'" *Id.* The court added that "[r]easoning from old cases involving *different* articles tends more to obscure the issue than to answer it." *Id.* (emphasis in original). *Quon Quon* arose from Customs' classification of table tops as baskets. The court held the table tops were parts of furniture and were, therefore, properly classified under the appropriate provision covering parts of furniture. *Id.* at 74, 1959 WL 7626. *Quon Quon* provided the following additional guidance which this Court finds instructive:

> Of all things most likely to help in the determination of the identity of a manufactured article, beyond the appearance factors of size, shape, construction and the like, use is of paramount importance. To hold otherwise would logically require the trial court to rule out evidence of what things actually are every time the collector thinks an article, as he sees it, is specifically named in the tariff act.

*Id.* at 73, 1959 WL 7626. The Court, therefore, will examine both the appearance and the use of the items in question.

The question of whether the merchandise in the instant action should be properly classified as "baskets" also turns in part on the definition of "basket." The Court of Customs Appeals defined basket as "a vessel of varying capacity, made of flexible materials such as osiers, cane, twigs, and rushes, commonly interwoven and bound at the top, used for the purpose of holding, protecting, or carrying any commodity." *United States v. Byrnes & Co.*, 11 Ct.Cust.App. 68, 69, T.D. 38,728 (1921). Several subsequent cases dealing with the issue of whether a given object should be properly classified for customs purposes as a basket have relied in varying degrees on this definition. *See, e.g., Quon Quon Co. v. United States*, 48 Cust.Ct. 440, 441 (1962) (holding serving trays are not baskets because "[t]hey are not 'vessels' in the sense that baskets are vessels" and that "it did not think anyone in ordinary speech would call a serving tray a 'basket'"); *International Artware Corp. v. United States*, 65 Cust.Ct. 604, 614–16, C.D. 4146, 320 F.Supp. 1009 (1970) (holding hollow/concave in shape, rattan items which hold flowers, fruit and/or food were properly classified as baskets).

Another case in which the *Byrnes* definition appears is *Royal Cathay Trading Co. v. United States*, 45 Cust.Ct. 99, 101, C.D. 2206 (1960). In *Royal Cathay*, the court stated "it [was] not [its] understanding that the description [of basket in *Byrnes* ] has been, or was meant to be, applied in a strictly literal fashion." *Royal Cathay*, 45 Cust.Ct. at 101. The court held that although rattan suitcases and valises could conceivably come within the literal meaning of basket as defined in *Byrnes*, they were not properly classified as such because "nobody considers suitcases or valises to be a variety or kind of baskets." *Id.* The court further noted the "articles [are] so dissimilar from baskets in character that the latter term is inappropriate in referring to them, even when they are made in part of interwoven basket materials." *Id.*

■ This Court agrees with *Royal Cathay* that the *Byrnes* definition of basket should not be interpreted literally. The various wicker items at issue in the instant action could technically come within the generally accepted definition of baskets because they

---

**2.** Even if Customs had not presented conflicting classifications of the coasters/tumbler holders, the final result in this case would remain the same. This is true because the Court would have found plaintiff overcame the presumption of correctness for the same reason the Court holds plaintiff has overcome the presumption with respect to the ice bucket and pitcher.

are "vessels of varying capacity, made of flexible materials such as ... cane, ... commonly interwoven and bound at the top, used for the purpose of holding, protecting, or carrying any commodity." *See Byrnes,* 11 Ct.Cust.App. at 69. The Court, however, finds just as "nobody considers suitcases or valises to be a variety or kind of baskets[,]" one would not consider the type of wicker entertainment furnishings at issue to be a type of basket. *See Royal Cathay,* 45 Cust. Ct. at 101. The various wicker items in this case "are articles so dissimilar from baskets in character that the latter term is inappropriate in referring to them, even when they are made ... of interwoven basket materials." *See id.* The Court finds, therefore, plaintiff has overcome the presumption of correctness with respect to the ice bucket with lid (Style No. 10335R) and the pitcher with lid (Style No. 10334 R).

■ The Court turns next to determining the proper classification of the imported merchandise. In determining the proper classification of the subject imports, it is necessary for the Court to consider not only the accepted definition of basket, but also to discern whether Congress sought to exclude any items which might otherwise fit within the accepted definition of basket from being classified as such. The Court of Customs and Patent Appeals stated,

> [t]he clear weight of the authorities on the subject is that an *eo nomine* statutory designation of an article, *without limitations or a shown contrary legislative intent,* judicial decision, or administrative practice to the contrary, and without proof of commercial designation, will include all forms of said article.

*Nootka Packing v. United States,* 22 CCPA 464, 470, T.D. 47464, 1935 WL 2283 (1935) (emphasis added); *see also Lynteq, Inc. v. United States,* 10 Fed.Cir. (T) ——, ——, 976 F.2d 693, 697 (1992) ("Tariff terms contained in the statutory language 'are to be construed in accordance with their common and popular meaning, *in the absence of contrary legislative intent.'* ") (citation omitted) (emphasis added).

It appears in this case there is legislative intent as indicated by the *TCS* showing the merchandise at issue in the instant action should be excluded from being classified as baskets:

> Articles not specially provided for, of unspun fibrous vegetable materials (covered by the proposed provisions of items 222.60, 222.62, and 222.64), consist of a wide variety of products for utility, recreation, *entertainment,* and house decoration and furnishings. There are articles *such as* garden rakes, bird cages, *trays, coasters,* doilies, mats, *tumbler holders, bottle covers and other tableware,* dryers, hangers, and stretchers, fly swatters, carpet beaters, handles, stakes, back rests, *wickered bottles,* and trellises.

*TCS* at 53. The *TCS* is a report based on "a comprehensive study of the laws prescribing the tariff status of imported articles" which Congress directed the Tariff Commission to conduct. Tariff Classification Study Submitting Report, Part 1 at 1 (1960). The Tariff Commission submitted the *TCS* to Congress as part of the revision and consolidation of the tariff laws which Congress directed it by law to complete. *Id.* The subject imports appear to fit squarely within the cited language of the *TCS.* This indicates it was Congress' intention to exclude entertainment furnishings "such as ... [the] coasters, ... tumbler holders, ... and other tableware" at issue in this action from being classified as baskets under item 222.42, TSUS. Consequently, the Court holds the subject imports are properly classified under item 222.60, TSUS. *See United States v. General Elec. Co.,* 58 CCPA 152, 156, C.A.D. 1021, 441 F.2d 1186, 1189 (1971) ("[A] seemingly broad descriptive tariff term is not to be taken as encompassing every article which may literally come within that term but rather *only those articles of the type intended by Congress in enacting the TSUS.*") (emphasis added).

## Conclusion

After considering all of plaintiff's and defendant's arguments, the Court holds plaintiff has overcome the presumption of correctness attached to Customs' classification of the ice bucket with lid (Style No. 10335R) and pitcher with lid (Style No. 10334R). Ad-

ditionally, based on the physical characteristics and use of all the subject imports, as well as the legislative intent as expressed in the *TCS*, this Court further holds the ice bucket with lid (Style No. 10335R), pitcher with lid (Style No. 10334R), set of six jumbo coasters (Style No. 10332), and set of six DOF coasters (Style No. 10331) are properly classified under item 222.60, TSUS. Accordingly, Customs shall reliquidate this merchandise, and the trays (Style No. 10333) which Customs conceded it improperly classified, under item 222.60, TSUS.

### ORDER

This case having been duly submitted for decision and this Court, after due deliberation, having rendered a decision herein; now, in conformity with said decision, it is hereby

**ORDERED** plaintiff's motion is granted; and it is further

**ORDERED** defendant's cross-motion is denied; and it is further

**ORDERED** the classification of the subject imports by Customs under item 222.42, TSUS, is reversed; and it is further

**ORDERED** Customs shall reliquidate the ice bucket with lid (Style No. 10335R), pitcher with lid (Style No. 10334R), the white wicker trays with strengthened sides (Style No. 10333), set of six jumbo coasters (Style No. 10332), and set of six DOF coasters (Style No. 10331) under item 222.60, TSUS, with duty at the rate in effect at the time of entry within ninety (90) days from the date of this order. Customs shall refund all excess duties paid with interest as provided by law; and it is further

**ORDERED** judgment is for plaintiff.

